THOMAS SINNICKSON and others v. WILLIAM JOHNSON and ISAAC JOHNSON.

An injunction granted on notice, and after hearing upon affidavits on both sides, and especially upon the affidavits of the defendants themselves, going to the merits, will not be dissolved on the answer of the defendants.

MOTION to dissolve injunction.

THE CHANCELLOR. An application was made for an injunction against the defendants, to prohibit them from erecting or finishing a dam across Salem creek ; on the ground, that if erected, it would be a nuisance, and destructive of private property. Notice of the application and hearing was ordered to be given, with a copy of the bill. On the hearing, affidavits were read in support of the bill, and counter affidavits on the part of the defendants, and among others the affidavits of the defendants themselves, touching the merits of the cause. After full argument and time to advise, an injunction was ordered. The defendants then put in their answer, and moved to dissolve the injunction ; alleging that the equity of the bill was fully answered. The argument was postponed from time to time, and in the mean time the complainants have proceeded to take testimony in the cause, and have taken a rule to close testimony in fifty days.

[Sinnickson et al. v. Johnson et al.]

This has nearly expired, and the defendants have applied for and obtained an extension of the rule for a limited time.

Under existing circumstances, I think the injunction should not be dissolved. I know of no case, where an injunction, after being granted on notice, and after hearing upon affidavits on both sides, and especially upon the affidavits of the defendants themselves, going to the merits, has been dissolved on the answer of the defendants. The practice, as a general one, would be not only novel, but dangerous; and in the present case would be virtually deciding the merits of the controversy. As the cause can be heard at the next term, and it is the intention of both parties to have it then finally disposed of, I think the court should not interfere. The case is one of magnitude to those interested, and should be finally decided upon a full hearing of the merits.

The application is denied.